UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES FRAZIER,<br><br>                           Plaintiff,<br><br>-against-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., GLOBAL LENDING SERVICES LLC,<br><br>                           Defendants. | Civil Action No. _____<br><br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>JURY TRIAL DEMANDED |

Plaintiff Charles Frazier ("Plaintiff"), by and through the undersigned counsel, hereby alleges the following against defendant Experian Information Solutions, Inc. ("Experian"), and defendant Global Lending Services LLC ("GLS") (collectively, "Defendants"), based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* Defendants have been reporting inaccurate information on Plaintiff's GLS account. Plaintiff had previously defaulted on an auto financing loan, which caused his car to be repossessed. Nevertheless, Defendant reported misleading and inaccurate information suggesting that Plaintiff was the subject of multiple discrete repossessions. Plaintiff submitted a dispute through Experian's FCRA compliance department. Defendants, however, failed to remove the misleading repossession notations.

2. To make matters worse, Defendant penalized Plaintiff for submitting a dispute by adding an additional *four* notations to his account. This reporting was materially misleading and caused Plaintiff's credit score to suffer.

3. As a result of Defendant's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress. Accordingly, Plaintiff is entitled to damages.

## PARTIES

4. Plaintiff resides in Henry County, Georgia, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

5. Defendant Experian is an Ohio corporation that regularly conducts business in this District. Experian qualifies as a "consumer reporting agency" under the FCRA.

6. Defendant GLS is a Delaware corporation that regularly conducts business in this District. GLS qualifies as a "furnisher" under the FCRA.

## JURISDICTION AND VENUE

7. The claims asserted in this complaint arise under §§1681e, 1681i, and 1681s-2 of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

8. Venue is proper in this District under 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

**A.    The FCRA**

9. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that

consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA.  See 15 U.S.C. §1681a.

10. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and appropriately and timely correct any inaccuracies.

11. In addition, credit bureaus must promptly notify the furnisher and any other parties in the distribution chain of the disputed inaccuracies. Section 1681s-2(b) requires a furnisher, upon receiving a consumer's dispute, to conduct an investigation, mark the accounts as disputed, and update the reporting if necessary.

12. Plaintiff has a legally protected interest in Defendants fulfilling their duties under the FCRA.

**B.    Defendants Reported Misleading and Inaccurate Information Indicating Multiple Repossessions and Failed to Modify the Reporting in Response to Plaintiff's Dispute**

13. Plaintiff had previously experienced financial hardship and defaulted on an auto financing loan.  As a result, Plaintiff's car was repossessed.

14. In January 2021, Plaintiff obtained a copy of his Experian credit report and learned that Defendants were indicating on the Experian credit report that Plaintiff's past delinquency had resulted in multiple repossessions of Plaintiff's collateral.  Specifically, "R" notations were added to Plaintiff's GLS tradeline for 11 months between January 2020 and December 2020.

15. This reporting conveyed that Plaintiff's delinquency was so substantial that it required the lender to repossess multiple different items of collateral, or to possess the same item on multiple occasions.

16. On February 23, 2021, Plaintiff submitted a written dispute through Experian's FCRA compliance department requesting an investigation and removal of the misleading "R" notations.

17. Upon receiving Plaintiff's dispute letter, Experian, as obligated by statute, notified GLS of the dispute within 5 days.

18. The receipt of Plaintiff's dispute letter triggered each Defendant's statutory obligation to conduct an investigation, mark the account as disputed, and remove the misleading and negative "R" notations from Plaintiff's account.

19. Defendants, however, failed to conduct an investigation, and failed to remove the erroneous "R" notations.

20. Worse yet, instead of removing the erroneous notations, Defendants modified Plaintiff's credit report to make it appear that Plaintiff was the subject of *additional* discrete repossessions. Specifically, Defendants' reporting added an additional *four* "R" notations to the payment history field between the months of January 2021 and April 2021.

21. The addition of the "R" notations was materially misleading and caused Plaintiff's credit score to suffer.

22. Plaintiff was later denied multiple extensions of credit based on information contained in his Experian reports.

23. Accordingly, Plaintiff is entitled to statutory damages, actual damages, punitive damages, and attorney's fees and expenses.

## CAUSES OF ACTION

### COUNT I

### Against Experian for Violating 15 U.S.C. §1681e and 1681i

24. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

25. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports. *See* 15 U.S.C. §1681e(b).

26. Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report. *See id.*, §1681i.

27. Experian failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports.

28. Although Plaintiff disputed the inaccurate information in writing, Experian willfully, or at least negligently, failed to perform a reasonable investigation and failed to remove the inaccurate current delinquency. Had it performed a reasonable investigation, Experian would have determined that the repossession information as reported by GLS was inaccurate, and should be omitted from its credit reporting.

29. Experian's willful, and at least negligent, failure to follow reasonable policies and procedures was a direct and proximate cause of Plaintiff's injury.

30. As a result of Experian's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §1681n and §1681o.

### COUNT II

### Against GLS for Violating 15 U.S.C. §1681s-2(b)

31. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

32. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary. *See* 15 U.S.C. §1681s-2(b)(1)(A-C).

33. Where an investigation finds that the information is incomplete or inaccurate, a furnisher must report those results to all other consumer reporting agencies to which the furnisher furnished the information. *See* 15 U.S.C. §1681s-2(b)(1)(D).

34. GLS failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice thereof from Experian.

35. Instead of removing the inaccurate information, GLS improperly verified that the reporting was accurate.

36. GLS failed to report the results of its investigation to Experian, as required by 15 U.S.C. §1681s-2(b)(1)(D).

37. As a result of GLS's misconduct, Plaintiff suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score and emotional distress.

38. GLS's conduct was a direct and proximate cause of Plaintiff's damages.

39. As a result of GLS's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §1681n and §1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: June 3, 2021                    THE OAKS FIRM

                                                                    */s/ Misty Oaks Paxton, Esq.*
                                                                  MISTY OAKS PAXTON, ESQ.

                                                  3895 Brookgreen Point
                                                  Decatur, Georgia 30034
                                                  Tel: (404) 725-5697
                                                  attyoaks@yahoo.com

Of Counsel:

**COHEN & MIZRAHI LLP**
EDWARD Y. KROUB
MOSHE O. BOROOSAN (pro-hac vice forthcoming)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
ekroub@cmlattorneys.com
mboroosan@cmlattorneys.com

*Attorneys for Plaintiff*